TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00695-CR

Bobbi Lynn Davenport, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF POLK COUNTY, 411TH JUDICIAL DISTRICT

NO. 14,252, HONORABLE ROBERT HILL TRAPP, JUDGE PRESIDING

PER CURIAM

A jury found appellant guilty of two counts of sexual assault of a child. Tex. Penal Code
Ann. § 22.011(a)(2)(C) (West Supp. 1998). The jury assessed punishment at imprisonment for ten years
and a $10,000 fine on count one, and at imprisonment for two years on count two. On the jury's
recommendation, the district court suspended imposition of sentence on count one and placed appellant
on community supervision.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be
advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). 

A copy of counsel's brief was delivered to appellant, and appellant was advised of her right
to examine the appellate record and to file a pro se brief. Appellant filed a pro se brief complaining that
she received ineffective assistance of counsel at trial. Appellant contends her attorney did not adequately
prepare for trial, but the record before us does not support that contention. Appellant also points to
conflicts in the testimony of the State's witnesses and urges that her trial attorney failed to bring them to the
jury's attention. In fact, counsel did discuss the conflicts during his closing argument to the jury. The
present record does not warrant the conclusion that appellant's attorney was not functioning effectively as
counsel. See Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53,
57 (Tex. Crim. App. 1986).

The district court rendered a separate judgment for each count. The judgments of
conviction are affirmed.

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 4, 1998

Do Not Publish